IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SANTIAGO BALDERAS-
MORRONES,

       *Petitioner,*

v.

TODD BLANCHE, ACTING U.S.
ATTORNEY GENERAL, *et al.*;

       *Respondents.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

SA-26-CV-02954-FB

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Petition for Writ of Habeas Corpus filed by Petitioner Santiago Balderas-Morrones. ECF No. 1. All pretrial matters in this case have been referred to the undersigned for resolution pursuant to Western District of Texas Local Rule CV-72 and Appendix C. ECF No. 3. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the undersigned recommends that the District Court **GRANT IN PART** Petitioner's Writ of Habeas Corpus, ECF No. 1, and release Petitioner from Respondents' custody under conditions of release substantially similar to the conditions of his previous Order of Supervision. Any relief not recommended herein should be **DENIED**.

## I.    Background

Petitioner filed for a Writ of Habeas Corpus on May 5, 2026, seeking his immediate release on Due Process grounds. Respondents Todd Blanche, Todd Lyons, Sylvester Ortega, and Markwayne Mullin ("Federal Respondents") filed a response in opposition to Petitioner's habeas corpus petition. ECF No. 4. Petitioner filed a reply to the response. ECF No. 5. The undersigned held an evidentiary hearing on June 2, 2026.

Petitioner is a citizen of Mexico. He entered the United States on an unknown date and through an unknown location. ECF No. 4-1, Rene Aguillon Decl., ¶ 4. Petitioner adjusted his status to Lawful Permanent Resident on February 9, 2002. *Id.* ¶ 5. On or about July 30, 2007, the Drug Enforcement Administration arrested Petitioner for Conspiracy to Possess with the Intent to Distribute Marijuana. *Id.* ¶ 6. On September 17, 2010, Petitioner was sentenced to 5 years of probation. *Id.* ¶ 7. Shortly thereafter, the San Antonio, Texas Field Office of Enforcement and Removal Operations, an agency of the U.S. Immigration and Customs Enforcement, issued a Notice to Appear before an Immigration Judge (IJ) pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act. *Id.* ¶ 9. ICE took Petitioner into custody before releasing him on his own recognizance on October 4, 2010. *Id.* ¶ 10.

On September 26, 2013, the IJ held a final removal hearing and considered Petitioner's application for asylum, withholding of removal, and protection under the U.N. Convention Against Torture (CAT). *Id.* ¶ 11. The IJ entered a final order of removal to Mexico and granted Petitioner deferral of removal under the CAT. *Id.* The IJ denied all other forms of relief. *Id.* ICE served Petitioner an Order of Supervision, and he continued to report to his scheduled appointments as instructed. *Id.* ¶ 12. On October 9, 2025, ERO detained Petitioner and served him with a Notice of Revocation of Release pending removal to a third country. *Id.* ¶ 3, 14. Respondents have detained Petitioner ever since.

ERO San Antonio first contacted the Detention and Deportation Officer (DDO) for Mexico on December 31, 2025, seeking assistance in obtaining a third country removal. *Id.* ¶ 16. On February 28, 2026, Petitioner submitted a list of consulates he had contacted about third country removal. *Id.* ¶ 18. ERO sent emails to the DDO for Mexico regarding possible third country removal on February 28, April 26, May 12, and May 13, 2026, and learned that Honduras and Guatemala declined to accept individuals who are not a national of those countries. *Id.* ¶ 18.

As of the date of this Report and Recommendation, Petitioner remains in ICE custody at the South Texas ICE Processing Center in Pearsall, Texas.

3

*Id.* ¶ 3. During the hearing before the undersigned, counsel for Federal Respondents explained that they have not made any additional third-country removal requests.

## II.    Analysis

Petitioner seeks immediate release. He argues that his prolonged detention following the entry of a final order of removal violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] Federal Respondents argue that the detention is lawful because Petitioner is subject to a final order of removal and Petitioner has failed to meet his burden under *Zadvydas* to show there is no significant likelihood of his removal in the reasonably foreseeable future. Resp., ECF No. 4, at 2.

The undersigned finds Petitioner met his burden of showing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government failed to respond with sufficient evidence to rebut that showing. The undersigned therefore recommends the District Court should find that Petitioner is entitled to relief on his due process claim under *Zadvydas*.

---

[1] Petitioner asserted claims on substantive and procedural due process grounds. However, the Petitioner failed to meet his burden to plausibly allege his procedural due process rights were violated. The undersigned recommends ruling solely on the due process grounds articulated in *Zadvydas*.

**A.     The Court Has Jurisdiction to Address the *Zadvydas* Claim.**

The Court has jurisdiction over the Petitioner's due process claim brought pursuant to *Zadvydas*. 533 U.S. at 688; *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).

**B.     Petitioner's Removal is Not Reasonably Foreseeable.**

As detailed below, based on the parties' written briefings, their arguments in the evidentiary hearing, and the record evidence, the undersigned finds that Petitioner has carried his burden, which Respondents have failed to rebut—the Respondents failed to show that Petitioner is sufficiently likely to be removed in the reasonably foreseeable future.

The Supreme Court limited detention under the INA beyond the initial mandatory 90-day removal period contained in 8 U.S.C. § 1231(a) to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Court held that detention for six months is "presumptively reasonable," but that continued detention beyond six months is not warranted if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If an immigration detainee, bearing the initial burden, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." *Id.*; 8 C.F.R. §

241.13(a). An immigration detainee not likely to be removed in the reasonably foreseeable future must be released unless continued detention is justified by one of the "special circumstances" provided in 8 C.F.R. § 241.14. *Id.*

As both the Petitioner and the Respondents agreed during the evidentiary hearing, the *Zadvydas* analysis is applicable to this case and the Petitioner has been detained since October 2025, which is longer than six months. ECF No. 4-1, ¶14. Petitioner contends that removal is not reasonably foreseeable because he cannot be removed to his country of origin, Mexico, and ICE's attempts to remove him to a third country have been futile. Pet., ECF No. 1, ¶ 16-23. Federal Respondents argue that Petitioner failed to meet his burden to provide good reason to believe his removal is unlikely and, alternatively, that ICE's representations that it is looking for additional third-countries who will accept the Petitioner is sufficient to establish that removal is sufficiently foreseeable. Resp. at 5-6.

### 1.    Petitioner carried his burden of providing "good reason"

The undersigned concludes that Petitioner has met his burden to provide good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

The parties do not dispute that Petitioner was granted deferral of removal to Mexico under CAT in 2013. ECF 4-1 ¶ 11. Deferral of removal

6

prohibits the Government from removing an individual to a country where he is more likely than not to be tortured. 8 C.F.R. § 208.17(a). When a petitioner, like the Petitioner in this case, cannot be removed to his country of origin, the Government must find a third country that will accept him. Courts in this District have repeatedly found that petitioners met their burden under *Zadvydas* by offering proof of a grant of deferral of removal or withholding of removal and a lack of assurances from the Government that a third country will accept them. *See, e.g. Vargas v. Bondi,* No. 5:26-CV-00512-MA, 2026 WL 475295, at 3 (W.D. Tex. Feb. 10, 2026); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705-6 (W.D. Tex. 2025); *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368, at 4 (W.D. Tex. Dec. 16, 2025).

Additionally, the parties also do not dispute that Petitioner has been in ICE detention since October 2025 and has had a final order of removal for over a decade. *See e.g.,* Aguillon Decl., ¶¶ 11, 14. The Respondents concede that, during the decade in which the final removal order has been in place, they have failed to find a third-country willing to accept the Petitioner. As of today, two countries have declined to accept Petitioner, and Respondents have not made any additional requests to potential third countries. *See id.* ¶ 25.

Petitioner has thus provided "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future.

7

**2.    Respondents failed to carry their burden of responding with evidence sufficient to show that removal is reasonably foreseeable.**

Federal Respondents failed to offer sufficient evidence to rebut Petitioner's showing. They argue that ICE has been working to identify a country that will accept Petitioner. Resp. at 6. During the hearing, Respondents emphasized that the U.S. Department of State is engaged in ongoing diplomatic efforts to facilitate third country removals.

Respondents declined the opportunity to provide any additional evidence or live testimony at the evidentiary hearing. Instead, Respondents relied on their briefing and accompanying declaration. However, through proffer, the Respondents did concede that, as of the date of the hearing, no country has accepted Petitioner and they are not actively seeking to remove Petitioner to a specific third country. Additionally, Respondents were unable to identify any individuals who were similarly situated to the Petitioner (e.g. a felon subject to deferral of removal to his home country) who had recently been removed to a third-country. Accordingly, the undersigned finds that Respondents have failed to meet their burden.

Petitioner's continued detention violates the due process rights articulated in *Zadvydas* because the Respondents have not offered any evidence of progress toward effectuating Petitioner's removal in the nearly eight months

of his detention and twelve and a half years since his removal order became final. The undersigned recommends that Petitioner be released.

## III.    Order and Recommendation

For the reasons discussed above, the undersigned recommends that the Petition for Writ of Habeas Corpus, ECF No. 1, be **GRANTED IN PART** and that Respondents be ordered to **RELEASE** Petitioner from their custody under conditions of release substantially similar to the conditions of his previous Order of Supervision. Any relief not recommended herein should be **DENIED**.

## IV.    Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

As stipulated by the Petitioner and Respondent during the evidentiary hearing, written objections to this report and recommendation must be filed within seven (7) days after being served with a copy of same unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page

limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of June, 2026.

KELLY G. STEPHENSON
UNITED STATES MAGISTRATE JUDGE

10