IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTIAGO BALDERAS-MORRONES,<br>A# 055-961-744,<br><br>   *Petitioner*,<br><br>V.<br><br>TODD BLANCHE, Acting U.S. Attorney<br>General; *et al*.,<br><br>   *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-26-CV-2954-FB |

**ORDER ACCEPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ecf No. 12) concerning the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) filed by Petitioner Santiago Balderas-Morrones ("Petitioner"), along with the Federal Respondents ("Respondents") written objections (ECF No. 15) thereto and Petitioner's notification (ECF No. 16) that Petitioner has no objections to the Report and Recommendation.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Respondents' submission in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court concludes the objections lack merit.  Based on the parties' written briefings, their arguments in the evidentiary hearing, and the record evidence, this Court agrees with Magistrate Judge Kelly G. Stephenson that Petitioner's prolonged detention following the entry of his final order of removal violates his due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and therefore he should be released on this ground, and in all other respects the Petition should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 12) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Petition (ECF No. 1) is **GRANTED IN PART AND DENIED IN PART**:

IT IS ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** under *Zadvydas* such that:

1.    Respondents are **DIRECTED** to **RELEASE** Petitioner Santiago Balderas-Morrones from custody, under conditions of release substantially similar to the conditions of his previous Order of Supervision, to a public place no later than **June 18, 2026**.

2.    Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.    Respondents shall **FILE** a status report no later than **June 19, 2026**, confirming that Petitioner has been released.

In all other respects the Petition is **DENIED**.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 12th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE